People v Kehn (2019 NY Slip Op 05232)





People v Kehn


2019 NY Slip Op 05232


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

109569

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHN W. KEHN, Appellant.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Cortland County (Burns, J.), rendered October 24, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted assault in the second degree. The charge stems from defendant's actions in causing injuries to a police officer who was attempting to take him into custody on a bench warrant. Pursuant to a negotiated plea agreement that included a waiver of appeal and satisfied numerous other pending charges, defendant pleaded guilty to attempted assault in the second degree with the understanding that sentencing would be adjourned and he would be allowed to participate in a drug court treatment program. Upon successful completion of the program, defendant would receive five years of probation. If he failed to successfully complete or were terminated from the program, he could be sentenced to a prison term of up to 1&frac13; to 4 years. After three years of mixed success in the program, defendant voluntarily withdrew from the program. County Court then imposed a prison sentence of 1 to 3 years and ordered him to pay restitution as agreed. Defendant appeals.
We affirm. Initially, as the People concede, defendant's waiver of appeal was invalid. County Court (Meldrim, J.) failed to advise him that the right to appeal is separate and distinct from the rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Alolafi, 170 AD3d 1379, 1380 [2019]). The signed written waiver of appeal was similarly deficient, and the court also failed to ascertain that defendant had read it, understood its meaning or consequences or had discussed it with counsel (see People v Alolafi, 170 AD3d at 1380). Defendant is therefore not precluded from challenging his sentence as harsh and excessive, but the issue is moot as defendant has already served his sentence and has been released (see People v Evans, 159 AD3d 1226, 1227 [2018], lv denied 31 NY3d 1081 [2018]).
Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.